UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:10-2-DLB-EBA-2

UNITED STATES OF AMERICA,                                                                          PLAINTIFF,

V.                             **MAGISTRATE JUDGE'S**
                               **REPORT AND RECOMMENDATION**

JAMES JEROME SMITH,                                                                                DEFENDANT.

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter came before the Court for a final revocation hearing on October 22, 2015, based upon alleged violations of the terms of supervised release as set out in the reports of June 6, 2014, and an Addendum dated October 6, 2015. The reports outline various violations of the Defendant James Jerome Smith's Supervised Release. At his final hearing, Smith was present and represented by appointed counsel, Sebastian M. Joy, and the United States was represented by and through Assistant United States Attorney Ron Walker. During the hearing, Smith stipulated to all violations as outlined in the reports, waived his right of allocution before a United States District Judge and exercised his right of allocution before the undersigned. The United States recommended that the Court impose a term of incarceration of thirty-six (36) months of incarceration with no supervised release to follow, while the Defendant requested a term of incarceration of thirty (30) to thirty-three (33) months with no supervised release to follow.

For the reasons that follow, the undersigned finds Defendant guilty of the violations outlined in the reports, and recommends that the Court impose a sentence of thirty-three (33) months incarceration, with no supervised release to follow.

## **FINDINGS OF FACT**

The Defendant stated that all facts contained within the Violation report of June 6, 2014, and the addendum of October 6, 2015, were true. Specifically, Smith informed the court that, as alleged, he illegally sold five (5) oxycodone 30 milligram tablets on May 14, 2014, sold approximately two-tenths of a gram of heroin on May 21, 2014, and another three-tenths of a gram of heroin on May 22, 2014, and also associated with individuals engaged in criminal activity on each of the above-mentioned dates. As a result of his admitted conduct, the Court finds by a preponderance of the evidence that Smith has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF JUNE 6, 2014:

(1) Violation No. 1: Standard Condition #7: The Defendant failed to refrain from excessive use of alcohol and failed to refrain from the purchase, possession, use, distribution or administration of any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician (Grade C Violation), based upon his conduct on May 14, 2014;

(2) Violation No. 2: Supervised Release Condition: The Defendant committed another federal, state, or local crime (Grade A Violation), based upon his conduct on May 14, 2014;

(3) Violation No. 3: Standard Condition #7:  The Defendant failed to refrain from excessive use of alcohol and failed to refrain from the purchase, possession, use, distribution or administration of any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician (Grade C Violation), based upon his conduct on May 21, 2014;

(4) Violation No. 4: Supervised Release Condition: The Defendant committed another federal, state, or local crime (Grade A Violation), based upon his conduct on May 21, 2014;

(5) Violation No. 5: Standard Condition #7:  The Defendant failed to refrain from excessive use of alcohol and failed to refrain from the purchase, possession, use, distribution or administration

of any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician (Grade C Violation), based upon his conduct on May 22, 2014;

(6) Violation No. 6: Supervised Release Condition: The Defendant committed another federal, state, or local crime (Grade A Violation), based upon his conduct on May 22, 2014;

(7) Violation No. 7: Standard Condition #9: The Defendant failed to refrain from association with persons engaged in criminal activity and association with any person convicted of a felony, unless granted permission to do so by the probation officer (Grade C Violation), based upon his conduct on May 14, 2014, May 21, 2014, and May 22, 2014.

FROM THE ADDENDUM OF OCTOBER 6, 2015:

(1) Violation No. 1: Supervised Release Condition: The Defendant committed another federal, state, or local crime. (Grade A Violation, stemming from Smith's November 7, 2014, guilty plea to Trafficking in a Controlled Substance First Degree Second or Greater Offense Drug Unspecified Less than ten (10) dosage units and Trafficking in a Controlled Substance First Degree Second or Greater Offense less than two (2) grams heroin, in case 14-CR-169).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On August 2, 2010, the Defendant was sentenced to forty-two (42) months imprisonment, to be followed by a three-year term of supervised release, after pleading guilty to Distribution of a Schedule II Controlled Substance (Oxycodone) and Aiding and Abetting in the Same, in violation of Title 21 U.S.C. § 841(a)(1) and 18:2. On February 12, 2012, he began his term of supervision through the Probation Office in Ashland, KY.

The conduct leading to the current supervised release violations began in May of 2014, when the Boyd County Sheriff's Department captured audio recordings of a series of undercover transactions during which the Defendant was engaged in selling five oxycodone pills on May 14, and a combined half-gram of heroin the following week, on May 21 and May 22. Notably, it was also previously reported to the undersigned that Smith had admitted to using cocaine the previous year, on July 12, 2013, but was permitted to continue on supervision at the time provided he receive increased substance abuse treatment. Though Smith has sporadically attended substance abuse counseling at Pathways and maintained employment, the aforementioned violations from 2013 and 2014 indicate a continuing problematic pattern of involvement in drug use and trafficking.

At Defendant's final revocation hearing before the undersigned on October 22, 2015, the United States requested a term of incarceration of thirty-six (36) months, three months above the statutory minimum. The government's closing argument articulated a number of grounds justifying the additional time requested: 1) Defendant's violations constitute sales of drugs considered particularly threatening to the Eastern District of Kentucky – namely, Oxycodone pills and heroin – which are frequently considered the district's drugs of choice; 2) his significant criminal history, as indicated by his Category VI status; 3) the deterrence of both the Defendant and his surrounding community; 4) the lack of respect inherent in Defendant's repeated disregard for the law and the multiple chances Probation has given him to change; and 5) the insufficient degree of punishment Defendant has previously received at the state court level for his legal wrongs. In requesting the statutory minimum of thirty-three (33) months' incarceration for Defendant, defense counsel's closing argument sought to elicit the Court's leniency based upon the fact that Defendant is a young, thirty-three year old man with six kids who need him, and a man ready to accept responsibility for his past actions, move on and find a more meaningful life on the right side of the law.

**(II)  The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** The Defendant has a criminal history category of Category VI. In making a recommendation in this matter, the Court is cognizant of the fact that, while admitting to the violations and remaining generally cooperative at his revocation hearings, Defendant's repeated pattern of conduct is worrisome and his criminal history is significant. It follows that the recommended sentence needs to be severe enough to deter future violations, provide protection for the public, and simultaneously promote respect for the law.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.**  In the instant matter, the most serious of the violations committed by the Defendant is a Grade A violation, and the original offense is a Class B felony. Under § 7B1.1, based on the Defendant's criminal history category of VI, the guideline range of imprisonment would be thirty-three (33) to forty-one (41) months, but because the maximum period of incarceration should supervision be revoked cannot exceed three (3) years pursuant to 18 U.S.C. 3583(e)(3), Defendant's guideline range of imprisonment is thirty-three (33) to thirty-six (36) months.

## **RECOMMENDATION**

The undersigned finds the difference between the thirty-six (36) months' imprisonment requested by the government and the statutory minimum of thirty-three (33) months to be relatively minor, and based upon the Defendant's admissions and demonstrated willingness to serve the time he deserves to serve and then move forward, this Court feels a thirty-three (33) month sentence will accomplish the United States' goals of discipline and deterrence, while also rewarding the Defendant's forthcomingness and encouraging him to continue to improve his circumstances by

obeying the law.

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the serious nature of the instant violations, and the parties' recommendation regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the violations listed above, based upon his testimony, and stipulation; and

(2) That the Defendant's supervised release be REVOKED, and he be sentenced without delay to thirty-three (33) months incarceration, with no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed October 30, 2015.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge